# Third District Court of Appeal

## State of Florida

Opinion filed June 29, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1714
Lower Tribunal No. 19-35278

_____


**CFLB Management, LLC, etc.,**
Appellant,

vs.

**Mabipa Overseas, S.A., etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Michael A. Hanzman, Judge.

Kozyak Tropin & Throckmorton LLP, and Corali Lopez-Castro, Dwayne A. Robinson, and Michael R. Lorigas, for appellant.

The O'Donnell Law Firm P.A., and Sonia Escobio O'Donnell and Robert Anthony O'Donnell, for appellee Vencejo Partnership, S.P.; Stumphauzer Foslid Sloman Ross & Kolaya, PLLC, and Ian M. Ross, for appellee Wizard of Os Investment, Ltd.


Before LOGUE, HENDON, and LOBREE, JJ.

LOGUE, J.

CFLB Management, LLC ("Management") appeals the trial court's final summary judgment in favor of Vencejo Partnership S.P. and Wizard of Os Investment, Ltd. (collectively, "Plaintiffs") on their claims for breach of promissory note, reestablishment of notes, and, alternatively, money lent. Management primarily claims error with the trial court's order granting summary judgment on Plaintiff's breach of promissory note claims based on its contention that the record does not conclusively establish Plaintiffs' claims to reestablish the lost promissory notes.

Management does not dispute, however, that the trial court properly granted summary judgment on Plaintiffs' alternative claims for money lent but takes issue with the trial court's award of interest on the money lent claims based on the simple and default interest terms contained in the copies of the promissory notes submitted to the trial court. As the Eleventh Circuit Court of Appeals has noted, "[t]here are very few Florida cases that address a claim for money lent[,] . . . [but] a number of Florida lower courts have recognized the existence of the claim even if they [do not] analyze it in depth." Cimaglia v. Moore, 724 F. App'x 695, 699 (11th Cir. 2018).

"A plaintiff making a claim for money lent must show 'money was delivered to the defendant, the money was intended as a loan, and the loan has not been repaid.'" Am. Residential Equities LLC v. Saint Catherine

2

Holdings Corp., 306 So. 3d 1057, 1060 (Fla. 3d DCA 2020) (quoting Cimaglia, 724 F. App'x at 699). Black's Law Dictionary defines "loan" as "[a] thing lent for the borrower's temporary use; esp., a sum of money lent <u>at interest</u>." Loan, Black's Law Dictionary (11th ed. 2019) (emphasis added). Florida Rule of Civil Procedure 1.936 also provides a form complaint for a claim of money lent that provides, "Defendant owes plaintiff $ ……… that is due <u>with interest</u> since …. (date)…., for money lent by plaintiff to defendant on …. (date)…." (emphasis added). Thus, we conclude that the inclusion of interest as part of a money lent claim is not error.

Here, Management does not dispute that the money it received from Plaintiffs was a loan and that the parties agreed to specific terms as part of this loan, including the applicable simple and default interest rates reflected in the copies of the promissory notes. Indeed, the record reflects that Management made at least one interest-only payment to each of the Plaintiffs prior to defaulting. Therefore, we find no error in the trial court's award of the agreed upon interest amounts as part of Plaintiffs' claims for money lent and affirm. We find it unnecessary to reach Management's claims of error relating to Plaintiffs' alternative claims for breach of promissory note and reestablishment of lost notes.

Affirmed.